UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  *Plaintiff*,<br><br>v.<br><br>THE CONTENTS OF BANK OF AMERICA ACCOUNT ENDING IN -9857, HELD IN THE NAME OF MAZIV ENTERTAINMENT LLC,<br>  *Defendant*. | No. 3:21MC65(SALM) |

**AFFIDAVIT IN SUPPORT OF APPLICATION
FOR CIVIL ASSET FORFEITURE SEIZURE WARRANT**

I, Shane L. Young, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a civil asset forfeiture seizure warrant as set forth more fully herein.

2. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been so employed for over one year. Prior to becoming a Special Agent, I was employed as a Forensic Accountant with the FBI for two years. As an FBI Forensic Accountant, I served as the lead financial investigator on numerous white-collar crime, political corruption, and counterintelligence investigations directly in charge of researching, analyzing, and presenting financial records. As an FBI Special Agent, I have directly participated in various investigations involving wire fraud, securities and investment fraud, money laundering, and other federal violations. I am currently assigned to the New Haven Field Office, where I am a member of the white-collar crime squad. As a federal agent, I am authorized to investigate violations of laws of the United States, and as a law enforcement officer I am authorized to execute warrants issued under the authority of the United States.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. This affidavit seeks the seizure of the contents of Bank of America account ending in -9857, held in the name of Maziv Entertainment, LLC, (bank account ending -9857).

5. As more fully set forth below, there is probable cause to believe, and I do believe, that bank account ending -9857 represents the proceeds of violations of 18 U.S.C. § 1343 (Wire Fraud) as well as other federal criminal offenses (collectively the "TARGET OFFENSES"), that is, money derived from the sale of portable electronic devices, including but not limited to Microsoft Surface Pro tablet computers, iPads, and/or other similar devices, which have been fraudulently purchased with money from Yale University School of Medicine and then sent to a third party without Yale's permission or knowledge.

6. Specifically, there is probable cause to believe that Jamie Petrone-Codrington ("Petrone-Codrington"), alone and with others, committed the TARGET OFFENSES by using money from her employer, the Yale University School of Medicine's Emergency Medicine Department, to purchase electronic devices from one or more vendors, and then selling those devices to a third party for her own financial gain. Most recently, Petrone-Codrington shipped seven packages containing what I believe are Surface Pro tablet computers or similar devices fraudulently purchased with Yale money as part of Petrone-Codrington's scheme.

## FACTUAL BACKGROUND

7. On August 25, 2021, Yale University personnel briefed FBI personnel about an apparent embezzlement scheme they uncovered. Yale received an anonymous tip, by word of mouth, approximately sometime over the last year, that Yale University School of Medicine Emergency Medicine Department Lead Administrator Jamie Petrone-Codrington was ordering

2

suspiciously high volumes of computer equipment, some of which was placed into her personal vehicle. For various reasons, a concerted investigative effort was not able to be initiated until approximately July 1, 2021.

8. Independent of the anonymous tip, Petrone-Codrington was questioned in approximately June 2020 regarding a budget variance and a high volume of computer equipment being purchased by her department, primarily from vendors GovConnection.com and Apple, Inc. Petrone-Codrington responded to the inquiry that her department was updating their equipment and was also working with Yale New Haven Health (YNNH) on a new program. During the week of August 16, 2021, Yale auditors inquired with a high-ranking Yale School of Medicine official who had no knowledge of the program referenced by Petrone-Codrington in her explanation to Yale's General Accounting Department.

9. As part of their investigation, Yale auditors reviewed purchase orders and Petrone-Codrington's Yale emails, among other things, and reported certain findings to law enforcement.

10. According to Yale's investigation, since fiscal year 2018, Petrone-Codrington has drafted thousands of purchase orders, each below $10,000, the amount at which additional approvals would have been required. The aggregated amount of the purchases requested by or for Petrone-Codrington since fiscal year 2018 is approximately $30 million. Since January 2021, Petrone-Codrington arranged for Yale's purchase of approximately eight thousand iPads and Surface Pro tablets. From approximately May 27, 2021 to August 19, 2021, Petrone-Codrington ordered approximately $2.1 million in computer equipment on behalf of Yale.  Most recently, Petrone-Codrington placed an order for equipment totaling approximately $144,000 on August 24, 2021.

11. Based on information provided by Yale, it appears that some or all of the devices purchased by Petrone-Codrington with Yale money were sold and shipped by Petrone-Codrington to a purported business in New York. Petrone-Codrington's emails revealed transactions between Petrone-Codrington and entities identified as ThinkingDealsLLC, ThinkingMacLLC, and others. ThinkingDealsLLC and ThinkingMacLLC both resolve to ThinkingMacLLC in business filings. ThinkingDealsLLC, ThinkingMacLLC, and others (the "customers") placed orders with Petrone-Codrington via email for the same type of computer equipment that Petrone-Codrington purchased from Yale vendors. In those emails, the customers identified quantities and descriptions of electronic devices, and attached shipping labels with both sender and recipient addresses outside of Connecticut. According to FedEx records, tracking numbers associated with some of those orders were recorded by FedEx as being hand delivered to and shipped from locations within Connecticut.

12. By way of example, Yale records show that on May 26, 2021, Petrone-Codrington directed her assistant to prepare documentation for an order of 100 Microsoft Surface Pro 7 CORE i5 8 GB/256 GB tablet computers, which Petrone-Codrington claimed were for a new study to be launched on Memorial Day weekend. Accordingly, Petrone-Codrington's assistant prepared 12 purchase orders for 8 Surface Pros each (totaling $9,102.56 per order) and one purchase order for 4 Surface Pros (totaling $4,551.28). On May 27, 2021, the email address "sales@thinkingdeals.com" sent an email to Petrone-Codrington with the subject line "Label 5/27/2021," and the text "Contents: 100 X SP 7 512 GB i7." The email attached a .pdf file with 10 FedEx labels, each addressed to "WILLISTON PARK NY 11596," and purporting to be from "ThinkingDEALS LLC" in "NOVI MI 48374." The labels each contained unique tracking numbers. FedEx records show that packages with those tracking numbers were shipped from

4

Orange, Connecticut, on June 3, 2021 and delivered on June 4, 2021 to Williston Park, New York.

13. In one of Petrone-Codrington's emails, she attached bank statements from a business named Maziv Entertainment LLC, located at 47 Fawn Meadow Drive, Naugatuck, Connecticut, which is Petrone-Codrington's residential address. Petrone-Codrington is listed in Connecticut Secretary of the State records as the principal of Maziv Entertainmenty LLC and her husband, Jamesy Codrington Jr., is listed as a member. State records list the status of the business as dissolved due to the failure to file annual reports. The bank statements for Maziv are from February through May 2021 and show hundreds of thousands of dollars in incoming wire transfers from ThinkingMacLLC. Among others, the records show an incoming wire from ThinkingMacLLC on May 27, 2021 (the date of the above example) in the amount of $71,800.00.

14. Queries within the online FedEx tracking platform for several of the FedEx tracking numbers found within Petrone-Codrington's emails revealed that packages shipped to Williston Park, New York (the "Williston Park Residence") were signed for by an individual named "ALAM." Law enforcement queries for residents of the Williston Park Residence showed that an individual named Allen Lam was associated with the residence. Criminal history record checks revealed Allen Lam was previously convicted (in 2012) in the courts of the State of New York for "enterprise corruption."

15. Most recently, your affiant was informed by FedEx that on August 25, 2021, seven additional packages were again shipped to "WILLISTON PARK NY 11596," purporting to be from "ThinkingDEALS LLC" in "NOVI MI 48374." The packages were hand-delivered to the FedEx location on Boston Post Road in Orange, Connecticut. These packages are

5

consistent in weight in size as potentially containing additional tablet computers.  I have viewed FedEx-provided surveillance photos, which appear to show Petrone-Codrington delivering the packages to the FedEx location in Orange, Connecticut and arranging for their shipping as described above.

## ADDITIONAL INFORMATION REGARDING FORFEITURE

16. This affidavit is in support of the seizure of Bank of America bank account ending -9857, held in the name of Maziv Entertainment LLC.

17. Petrone-Codrington is listed in Connecticut Secretary of the State records as the principal of Maziv Entertainment LLC and her husband, Jamesy Codrington Jr., is listed as a member.

18. As set forth above, ThinkingDealsLLC and ThinkingMacLLC are both associated with ThinkingMacLLC.  Moreover, ThinkingDealsLLC, ThinkingMacLLC, and others have placed orders with Petrone-Codrington via email for the same type of computer equipment that Petrone-Codrington purchased from Yale vendors.

19. According to law enforcement's investigation, ThinkMacLLC sells iPads and the associated accessories.

20. Petrone-Codrington applied for a PayPal Business Loan.  PayPal responded to Petrone-Codrington on or about June 1, 2021 and asked for four months of bank statements. Petrone-Codrington responded to PayPal on or about June 2, 2021, from her Yale.edu email address and attached bank statements.  As a result of this email exchange, as well other emails from Petrone-Codrington's Yale.edu account email, law enforcement was able to review bank statements for bank account ending -9857 from February to May.

21. A review of the bank records from Petrone-Codrington's emails recovered from Yale, concerning Bank Account ending -9857, demonstrate bank account ending -9857 received significant amounts of money from "Thinking Mac LLC." The following chart sets forth the wire transfers from "Thinking Mac LLC" to bank account ending -9857.

| Date of Wire Transfer *from* Thinking Mac LLC *to* Bank Account Ending -9857 | Amount of Wire Transfer |
|---|---|
| February 3, 2021 | $93,000.00 |
| February 10, 2021 | $83,552.00 |
| February 18, 2021 | $93,552.00 |
| February 24, 2021 | $82,728.00 |
| March 3, 2021 | $93,000.00 |
| March 5, 2021 | $82,000.00 |
| March 12, 2021 | $82,400.00 |
| March 31, 2021 | $87,000.00 |
| April 7, 2021 | $88,500.00 |
| April 9, 2021 | $72,000.00 |
| April 13, 2021 | $95,500.00 |
| April 22, 2021 | $69,120.00 |
| May 3, 2021 | $91,000.00 |
| May 12, 2021 | $88,000.00 |
| May 19, 2021 | $94,730.00 |
| May 27, 2021 | $71,800.00 |
|  |  |
| Total: | $1,367,882.00 |

22. It should be noted that there were other significant wire transfers into bank account ending -9857. For example, in March of 2021, "AC Trading LLC" transferred approximate $177,000 into this account.

23. The investigation revealed that AC Trading LLC is associated with ThinkingMacLLC.

24. As demonstrated from the bank statements from February through May, Petrone-Codrington utilized bank account ending -9857 to pay Federal Express shipping charges on a

7

regular basis, consistent with the observed behavior of shipping the fraudulently purchased computer equipment via Federal Express.  Additionally, Petrone-Codrington also used bank account ending -9857 to transfer funds into two other Bank of America accounts.  Petrone-Codrington also used bank account ending -9857 to, among other things:  (1) pay for payroll for Maziv Entertainment LLC; (2) pay for home improvements, to which law enforcement believes was for Petrone-Codrington's Connecticut home; (3) purchase approximately $25,000 in jewelry; and (4) pay for personal items such as food orders.

## CONCLUSION

25.     Based on the foregoing information set forth above, I submit that probable cause exists to believe that the contents of Bank of America account ending in -9857, held in the name of Maziv Entertainment, LLC, were obtained knowingly by a scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice in violation of 18 U.S.C. § 1343, and are therefore, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) for the forfeiture of property which constitutes or is derived from proceeds traceable to an offense constituting "specified unlawful activity" (as defined in 18 U.S.C. §§ 1956(c)(7) and 1961(1)), namely wire fraud in violation of 18 U.S.C. § 1343, or conspiracy to commit such offense.  I request that the Court issue a seizure warrant for the defendant account pursuant to 18 U.S.C. § 981(b).

**REQUEST FOR SEALING**

Based on my training and experience, the disclosure of the affidavit for the seizure warrant and associated seizure warrant at this time will jeopardize the government's ongoing investigation. Premature disclosure of the contents of this affidavit could frustrate this investigation by alerting the subjects of the investigation to the nature of the investigation, the techniques employed, and the evidence developed to date. Disclosure could also frustrate the investigation by limiting the use of the grand jury to develop further admissible evidence. Accordingly, I respectfully request that this affidavit and the accompanying documents be sealed until further order of the Court.

Respectfully submitted,

YOUNG.SHANE.L.E78W22B85
Digitally signed by YOUNG.SHANE.L.E78W22B85
Date: 2021.08.30 12:54:16 -04'00'

Shane L. Young
Special Agent
Federal Bureau of Investigation

The truth of the foregoing affidavit has been attested to me by Special Agent Shane Young of the Federal Bureau of Investigation over the telephone on August 30, 2021, at New Haven, Connecticut.

Sarah A. L. Merriam, U.S.M.J.
Digitally signed by Sarah A. L. Merriam, U.S.M.J.
Date: 2021.08.30 15:02:25 -04'00'

HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE